﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190724-14334
DATE: March 31, 2020

ORDER

An effective date of October 10, 2017, but no earlier, for the grant of service connection for a psychiatric disorder, characterized as schizoaffective disorder, is granted.

An effective date prior to October 10, 2017, but no earlier, for entitlement to Education Assistance under 38 U.S.C Chapter 35, is granted.

FINDINGS OF FACT

1. On October 10, 2017, the Veteran submitted an initial application for entitlement to service connection for a psychiatric disorder, to include anxiety, depression, and paranoia.

2. On December 4, 2018 the Veteran submitted an initial application for entitlement to compensation for total disability due to individual unemployability (TDIU).

3. In April 2019, the Veteran was diagnosed with schizoaffective disorder, which has been characterized by anxiety, depression, and paranoia.

4. In July 2019, the Veteran submitted an application for entitlement to service connection for a psychiatric disorder, characterized as schizoaffective disorder under the Appeals Modernization Act (AMA). 

5. In a rating decision dated November 19, 2019, the Regional Office (RO) granted service connection for a psychiatric disorder, now characterized as schizoaffective disorder, effective December 4, 2018, the date the Veteran’s application for TDIU was received.

CONCLUSIONS OF LAW

1. The criteria for an effective date prior to December 4, 2018 for the grant of service connection for schizoaffective disorder, have been met. 38 U.S.C. § § 5108, 5110, 7104; 38 C.F.R. §§ 3.156, 3.400.

2. The criteria for an effective date prior to December 4, 2018 for entitlement to Education Assistance under 38 U.S.C Chapter 35, have been met. 38 U.S.C. §§ 3301, 3031, 3672, 3680; 38 C.F.R. §§ 21.1029, 21.4131, 21.9500, 21.9505, 21.6925

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1976 to September 1977. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the AMA. This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This remand has been written consistent with the new AMA framework.

The Veteran selected the Direct Level Review lane when he submitted the VA Form 10182 form in appealing the above claims to the Board of Veteran’s Appeals (Board). The Board also notes that the Veteran’s submitted VA Form 10182 was submitted following the issuance of a rating decision from the Regional Office (RO), which was issued in response to a claim for benefits filed by the Veteran on October 10, 2017. 

Earlier Effective Dates

1. An effective date prior to October 10, 2017, but no earlier, for the grant of service connection for psychiatric disorder, claimed as schizoaffective disorder

2. An effective date prior to October 10, 2017, but no earlier, for entitlement to Education Assistance under 38 U.S.C Chapter 35

The Veteran is seeking earlier effective dates for his service-connected psychiatric disorder, claimed as schizoaffective disorder, and for his granted education assistance. 

In general, the effective date for the grant of service connection based upon an original claim or a claim reopened after final disallowance is either the day following separation from active service or the date entitlement arose if the claim is received within one year after separation from service; otherwise it will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110 (b)(1); 38 C.F.R. § 3.400 (b). However, Public Law 112-154, Section 506, amended 38 U.S.C. § 5110 to allow up to a one-year retroactive effective date award of disability compensation based on fully developed original claims for compensation that VA received from August 6, 2013, through August 5, 2015.

For effective date purposes, a claim is a formal or informal written communication identifying and requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit. 38 C.F.R. § 3.1 (p). Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA, from a claimant, her or her duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui juris, may be considered an informal claim. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year after the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155; Norris v. West, 12 Vet. App. 413, 421 (1999).

Based on the evidence of record, the Board determines that an effective date of October 10, 2017, but no earlier, is warranted for the Veteran’s acquired psychiatric disorder.

As an initial matter, the Board determines that October 10, 2017, and not December 4, 2018, is the date of the formal claim. First, the Board notes that the Veteran first filed a claim for acquired psychiatric disorders, to include, anxiety, depression and paranoia in August 2013. The RO denied service connection for the claimed acquired psychiatric disorders in an August 2014 rating decision, this decision became final as the Veteran did not file a Notice of Disagreement. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.103 (f), 3.156(b)-(c), 20.200, 20.201, 20.300, 20.302, 20.1103. 

Next, the Veteran filed a new service connection claim for acquired psychiatric disorders, to include anxiety, depression, and paranoia, on October 10, 2017. After receiving a statement of the case in June 2019, the Veteran never submitted a VA Form-9, but rather submitted a VA form 10182, indicating his desire that the claim be reviewed under AMA. Obviously, the process for claims that are open during the transfer to the AMA can be somewhat complex. However, regardless of what process this appeal falls under, it is clear to the Board that the Veteran and his representative have diligently argued this claim for the entire time. Therefore, the date of formal claim should be October 10, 2017. 

However, there no indication of an informal claim in the year prior to this date. Indeed, there are no communications in the record at all during this time. Therefore, an effective date of October 10, 2017, but no earlier is warranted. 

As for the adjoining claim for education benefits, basic eligibility for the grant of educational assistance benefits exists if the veteran was discharged from service under conditions other than dishonorable, and has a permanent total service-connected disability. 38 U.S.C. § 3680. In this case, the Veteran was awarded eligibility to educational assistance effective December 4, 2018, the date he was rated at 100 percent for his schizoaffective disorder. Since the effective date for educational benefits was directly predicated on the Veteran’s schizoaffective disorder rating, it should receive an earlier effective date as well, as such, it will be granted an effective date of October 10, 2017. 

By virtue of the foregoing, the Board concludes that an effective date of October 10, 2017, but no earlier, for the Veteran’s service-connected schizoaffective disorder, and entitlement to educational assistance. The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.

 

 

B.T. KNOPE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Q. Hernan, Associate Counsel